IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GASPAR MUNIZ AND NERIEDA MUNIZ<br>　Plaintiffs<br><br>V.<br><br>ONEMAIN FINANCIAL SERVICES, INC.<br>　Defendant | § § § § § § § § | C.A. NO. 6:18-cv-00066 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, OneMain Financial Services, Inc. ("Defendant"), pursuant to 28 U.S.C. §1446(a), hereby removes this case from the 135th District Court, Dewitt County, Texas to the United States District Court for the Southern District of Texas, Victoria Division. Defendant denies the claims and damages alleged in Plaintiffs' Original Petition and files this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## I.　INTRODUCTION

1.　On July 19, 2018, Plaintiffs, Gaspar Muniz and Nerieda Muniz (collectively, "Plaintiffs") commenced this action by filing Plaintiffs' Original Verified Petition Contesting Foreclosure, Request for Declaratory Relief and Requests for Disclosure (the "Complaint"), 18-07-24,590 in the 135th District Court, Dewitt County, Texas (the "State Court Action"). *See* Exhibit "C-1".

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of when Defendant was served with the initial state court pleading.[1]

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[2]

5. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

---

[1] *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), (holding the time for removal commences on formal service of process, "*not* by mere receipt of the complaint unattended by any formal service).

[2] 28 U.S.C. § 1332(a)(1).

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

6. This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas.[3]

7. Defendant, is a Corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center"). 28 U.S.C. §1332(c)(1). Defendant is a Delaware corporation with its principal place of business in Evansville, Indiana. Defendant is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, Defendant is a citizen of Delaware and Indiana for purposes of diversity jurisdiction.

8. Because Plaintiffs are citizens of Texas and Defendant is a citizen of a state other than Texas, there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 332(c)(1).

### B. Amount in Controversy

9. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[4] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[5]

---

[3] See the Complaint pg. 1, ¶ 2.1.
[4] *See* 28 U.S.C. § 1441(a).
[5] *See* 28 U.S.C. § 1332(a).

3

10. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[6]

11. If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[7] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[8] In this instance, Plaintiffs' Complaint makes it facially apparent that Plaintiffs' claimed damages exceed $75,000.00 given that the filing of the present action by Plaintiffs have the legal effect of precluding Trustee from conducting a foreclosure sale on the collateral securing the subject loan and seeks additional damages, which collectively exceed $75,000.00.

12. In determining the amount in controversy, the court may consider attorney's fees, penalties, statutory damages, mental anguish, harm to credit, and punitive damages.[9] It is apparent from the face of the Complaint that the claims exceed $75,000.00. Here, Plaintiffs'

---

[6] See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir.1996).
[7] See Lewis v. State Farm Lloyds, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993); see also Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[8] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995).
[9] White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (stating "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy"); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); see Ray v. State Farm Lloyds, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texa; Chittick v. Farmers Ins. Exch., 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

Complaint states that they are seeking a judgment to prevent foreclosure of the subject property and that Defendant has violated Title 5, Chapter 392 of the Texas Finance Code.[10]

13. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[11] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[12] Plaintiffs seek relief which if successful would preclude enforcement of the contractual loan obligations and Defendant's right to take possession of the subject property.

14. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[13] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[14] Plaintiffs seek to preclude foreclosure on property located at 316 S. Nau, Yorktown, Dewitt County, Texas 78164 (the "Property").[15] The Dewitt County Appraisal District values the subject property at $70,980.00.[16] The value of the Property combined with the additional damages sought by Plaintiffs satisfy the amount in controversy required for subject matter jurisdiction.

## V. JURY DEMAND

15. Plaintiffs have not made any known jury demand in the State Court Action.

---

[10] See Complaint at pg. 3, ¶¶ 4.2 and 5.4, and pg. 4, ¶ 5.6. See Tex. Finance Code. §392.403(a)(2), (b) and (e) providing that Plaintiffs may sue for actual damages, are entitled to attorney fees and are entitled to $100 per violation in this chapter.
[11] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (citing *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[12] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[13] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[14] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[15] See Complaint at pg. 3, ¶ 5.4.
[16] See Exhibit D.

## VI. CONCLUSION

16. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Victoria Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002-2772
713-220-9182 Telephone
713-223-9319 Facsimile
E-mail: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On this 13th day of August, 2018, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Patrick L. Beam
Webb Cason PC
710 N. Mesquite St.
Corpus Christi, TX 78401
**Via E-Mail and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

20060161,20180567/3095405.1